UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN BADGER** | **CASE NO.  3:21-CV-01311** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **POLICE DEPT CITY OF MONROE** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is Defendant's motion to dismiss. [doc. # 7]. The motion is unopposed. For the following reasons, it is recommended that the motion be GRANTED IN PART and DENIED IN PART. To the extent that Defendant moves for dismissal under Rules 12(b) and 12(b)(5) for lack of capacity to be sued and insufficiency of service of process, the motion should be GRANTED, and Plaintiff's Complaint should be DISMISSED WITHOUT PREJUDICE. The motion to dismiss for failure to state a claim under Rule 12(b)(6) should be DENIED AS MOOT.

## Background

On April 29, 2021, Plaintiff John Badger ("Badger") filed this suit in state court against the Monroe Police department ("MPD"), a city of Monroe, Louisiana ("City") department, alleging that he is entitled to judgment against the MPD for "negligent act, police harassment, violating [his] privacy right after requesting not to share [his] personal information, discrimination, defamation of character, violation of (Title 42, Section 1983, of the United States Code) improper investigation by an officer, [and] pain and suffering." [doc. # 1-1, p. 2]. Badger's state-court suit requested service on MPD at 700 Wood Street, Monroe, LA 71201. [doc. # 1-1, p. 3]. The state-court service return indicates that the citation and complaint were

served on Erica Saulsberry, an MPD clerk, at 1810-B Martin Luther King Junior Drive, Monroe, LA 71202, which is the location of Monroe's Public Safety Center. [doc. # 1-1, p. 4].

On May 17, 2021, the suit was removed to federal court based on federal question jurisdiction under 42 U.S.C. § 1983. [doc. # 1]. On June 15, 2021, the MPD moved to dismiss Badger's suit for (1) lack of capacity to be sued, (2) failure to effect proper service, and (3) failure to state a claim upon which relief can be granted. [doc. # 7]. The time for filing a response has lapsed, but no response has been filed. Accordingly, this motion is ripe.

## Law and Analysis

**1. MPD lacks the capacity to be sued.**

Although Rule 12(b) does not specifically authorize a motion to dismiss based on a lack of capacity to be sued, "[f]ederal courts . . . traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statutes" including motions raising a lack of capacity to sue or be sued. *Clark v. Lafayette Police Dep't*, No. 6:18-CV-00058, 2018 WL 3357899, at *1 (W.D. La. June 22, 2018), *report and recommendation adopted*, No. 6:18-CV-00058, 2018 WL 3357257 (W.D. La. July 9, 2018)(citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2004)). "The Fifth Circuit has implicitly approved 12(b) motions arguing the lack of capacity to be sued." *Id*. (quoting *Angers ex rel. Angers v. Lafayette Consol. Gov't,* 2007 WL 2908805, at *1 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 3114 (5th Cir. 1991))); s*ee also Adams v. Monroe Trans. Sys. 1st Trans.*, No. 3:19-CV-00281, 2020 WL 7040093, at *2 (W.D. La. Nov. 13, 2020).

Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). Accordingly, the law of Louisiana controls here. *See, e.g., Union Pac. R.R. Co. v. Taylor Truck Line, Inc.*, No. CV 15-0074, 2016 WL 7480504, at *3 (W.D. La. Oct. 31, 2016), *report and recommendation adopted*, No. CV 15-0074, 2016 WL 7473776 (W.D. La. Dec. 28, 2016). To have the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Id*. (citing *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir. 2006). A "juridical person" is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE ART. 24.

MPD is a dependent agency of the City of Monroe and has no authority separate and apart from the City.[1] Federal courts in Louisiana regularly hold that city police departments are not juridical entities capable being sued. *See Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued"); *Walker v. Jackson Par. Dist. Attorney's Office,* No. 12-02978, 2013 WL 2424380, at *3 (W.D. La. June 3, 2013) (West Monroe Police Department); *Hicks v. Page*, No. 10-0084, 2010 WL 2243584, at *2 (W.D. La. Feb. 26, 2010), *report and recommendation adopted*, 2010 WL 2246393 (W.D. La. May 28, 2010) (Shreveport Police Department).

Further, this Court has found specifically that MPD does not have the capacity to be sued. *Richardson v. U. S. Fed. Bureau of Investigations*, No. 3:20-CV-01050, 2021 WL 1207752, at

---

[1] *See* MONROE CITY CHARTER § 3-01 (stating that mayor is the chief executive office of the City exercising all control over departments); MONROE CITY CHARTER § 4-01 (stating that all departments are under the direction of the mayor as established by the Charter); MONROE CITY CHARTER § 4-04 (establishing the police department)

*13–14 (W.D. La. Mar. 15, 2021), *report and recommendation adopted*, No. 3:20-CV-01050, 2021 WL 1209190 (W.D. La. Mar. 30, 2021), *vacated* (Mar. 31, 2021), *and report and recommendation adopted*, No. 3:20-CV-01050, 2021 WL 1258400 (W.D. La. Apr. 1, 2021); *Carter v. Monroe Police Dep't*, No. CV 19-0884, 2019 WL 6125242, at *8 (W.D. La. Oct. 29, 2019), *report and recommendation adopted*, No. CV 19-0884, 2019 WL 6130827 (W.D. La. Nov. 18, 2019); *Davis v. Chapman*, No. 3:12-CV-0830, 2013 WL 3465797, at *3 (W.D. La. July 9, 2013) (finding claims against MPD to be "frivolous" and dismissing for lack of capacity). Accordingly, the claims against MPD should be dismissed for lack of capacity to be sued because it is not a juridical entity capable of being sued.

2. **Service on MPD and/or the City was improper.**

The Fifth Circuit has held that "[a] motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process*." Holly v. Metro. Transit Auth.,* 213 Fed. App'x 343, 344 (5th Cir. 2007). A claim may be dismissed under Rule 12(b)(5) "if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Wallace v. St. Charles Par. Sch. Bd.,* No. Civ. A. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005)). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design,* 635 F.2d 434, 435 (5th Cir. 1981). When service is challenged, the serving party bears the burden of proving its validity. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)); *see also Holly,* 213 Fed. App'x at 344 (citing *Carimi v. Royal Carribean Cruise Line, Inc*., 959 F.2d 1344, 1346 (5th Cir. 1992))("[t]he

4

party making service has the burden of demonstrating its validity when an objection to service is made.").

Under Rule 4(j), service on a municipality requires "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED. R. CIV. PROC. 4(j)(2). Here, Badger sued the MPD, which lacks legal capacity and thus cannot be properly served. Insofar as Badger tried to sue and serve the City, however, service was still improper. Badger requested service on the MPD at 700 Wood Street, Monroe, LA 71201. [doc. # 1-1, p. 3]. The state-court service return indicates that the citation and complaint were served on Erica Saulsberry, an MPD employee, at 1810-B Martin Luther King Junior Drive, Monroe, LA 71202, the location of Monroe's Public Safety Center. [doc. # 1-1, p. 4]. Service on an MPD employee at the City's Public Safety Center does not meet the requirements of Rule 4(j).

First, the suit was not served on the City' chief executive officer in accordance with Rule 4(j)(2)(a).

Second, the service did not comply with state law, which requires that service "on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion." LA. CODE CIV. PROC. ART. 1265; *see also* FED. R. CIV. PROC. 4(j)(2)(b). Badger tried to serve defendant MPD via MPD employee Erica Saulsberry. As discussed above, MPD lacks capacity, and so service would have needed to be on the City. However, Ms. Saulsberry is not the chief executive officer of the City of Monroe. Further, the record does not indicate that she is employed by the City or that she is an authorized agent for the City. Accordingly, insofar as Badger intended to sue and serve the City of Monroe,

his attempt was ineffective. *See Kidd v. Monroe Transit Sys.*, No. 3:19-CV-01596, 2021 WL 537100, at *5 (W.D. La. Jan. 28, 2021), *report and recommendation adopted*, No. 3:19-CV-01596, 2021 WL 536136 (W.D. La. Feb. 12, 2021)(service on Monroe Transit System employee not effective to serve City of Monroe).

### 3. Plaintiff fails to state a claim upon which relief may be granted.

The Court need not address Defendant's Rule 12(b)(6) argument because service was improper. However, even if Badger had sued the City rather than MPD and service of process had been proper, permitting the Court to reach the merits of his claims, Badger has still failed to state a claim upon which relief may be granted.

A suit may be dismissed where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. PROC. 12(b)(6). A complaint states a claim for relief when it contains a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers," it still holds in the context of *pro se* complaints that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations omitted). Even a *pro se* plaintiff, "must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Here, Badger's complaint contains no factual detail to support his claims. Badger complains that:

> Plaintiff is entitled to judgment against [the MPD] for the following reasons: "negligent act, police harassment, violating [his] privacy right after requesting not to share [his] personal] information, discrimination, defamation of character, violation of (Title 42, Section 1983, of the United States Code) improper investigation by an officer, [and] pain and suffering."

[doc. # 1-1, p. 2]. As written, this complaint is merely a "'naked assertion[]' devoid of 'further factual enhancement'" and nothing more than an "unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). From these allegations, the Court is unable "to draw the reasonable inference that [the MPD] is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Here, Badger fails to plead the basic elements of a 42 U.S.C. § 1983 claim. "First, the plaintiff must allege that some person has deprived him of a federal right." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020)(quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). "Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Id.* (citing *Gomez*, 446 U.S. at 640). Specifically, with respect to his claim that his right of privacy was violated, Badger alleges no facts to support any legitimate expectation of privacy. In the Fifth Circuit, two elements are required to determine if there has been a violation of privacy: first, that the person manifested a subjective expectation of privacy, and second, that the expectation was objectively reasonable. *Cressman v. Ellis*, 77 Fed. App'x 744, 745 (5th Cir. 2003), *on reh'g*, 81 Fed. App'x 490 (5th Cir. 2003)(citing *Katz v. United States*, 389 U.S. 347, 360 (1976) (Harlan, J., concurring); *California v. Ciraolo*, 476 U.S. 207,

7

211 (1986) (adopting the test proposed in Harlan's Katz concurrence)). Badger alleges no facts that would tend to show either of these elements.

With respect to Badger's claim of defamation, he fails to allege any property or liberty interest sufficient to establish a claim under section 1983. *See, e.g., Thomas v. Kippermann*, 846 F.2d 1009, 1010 (5th Cir. 1988). Badger fails to allege that an official municipal policy caused his injury, as is required to establish a claim against a municipality. *Connick v. Thompson,* 563 U.S. 51, 60–61 (2011).[2] Finally, Badger states no facts whatsoever with respect to his discrimination claim.[3] Accordingly, Badger has failed to state a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [doc. # 7] should be GRANTED IN PART and DENIED IN PART. To the extent that Defendant moves for dismissal under Rules 12(b) and 12(b)(5) for lack of capacity to be sued and insufficiency of service of process, the motion should be GRANTED, and Plaintiff's Complaint should be DISMISSED

---

[2] The Supreme Court has held that "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Monell v. New York City Dept. of Social Servs*., 436 U.S. 658, 691 (1978). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 167–68 (1970). These are "action[s] for which the municipality is actually responsible." *Pembaur*, 475 U.S. at 479–80.

[3] To the extent that Badger intended to bring any state-law claims, he has similarly failed to allege any facts tending to show he is entitled to relief. *See Perkins v. Entergy Corp*., 2000-1372 (La. 3/23/01), 782 So. 2d 606, 611(negligence standard); *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So. 2d 129, 139–40 (defamation standard); *Batts v. City of Baton Rouge*, 501 So. 2d 302, 304 (La. Ct. App. 1986), *writ denied*, 503 So. 2d 482 (La. 1987) (discussing invasion of privacy).

WITHOUT PREJUDICE. The motion to dismiss for failure to state a claim under Rule 12(b)(6) should be DENIED AS MOOT.

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 19th day of July, 2021.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE