UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JOHN BADGER** | **CASE NO. 3:21-CV-01311** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **POLICE DEPT CITY OF MONROE** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM ORDER**

The Court is in receipt of Plaintiff John Badger's ("Badger") *pro se* letter/filing labelled "Notice of Removal" [Doc. No. 23], which the Court construes to be a Motion to Remand.

On July 19, 2021, the Magistrate Judge issued a Report and Recommendation which recommended that Badger's Complaint be dismissed without prejudice on the grounds that the Defendant lacks the capacity to be sued and on the grounds of insufficiency of service of process [Doc. No. 9]. The Magistrate Judge further noted that Badger had failed to state a claim upon which relief may be granted [*Id*., p. 9], but denied as moot Defendant's motion to dismiss on that basis.

Badger failed to file an objection to the Report and Recommendation. On August 3, 2021, the Court entered judgment adopting the Report and Recommendation and dismissing Badger's Complaint without prejudice [Doc. No. 10].

On August 9, 2021, Badger filed a Notice of Appeal to the United States Court of Appeal for the Fifth Circuit [Doc. No. 11].

On August 18, 2021, Badger filed a letter/motion which the Court construed as a Motion for Reconsideration [Doc. N. 13]. Badger asked that the Court "reopen" his case and requested a "speedy trial." [Id.].

On August 19, 2021, the Court issued a Memorandum Order denying Badger's Motion

for Reconsideration, noting the case is on appeal and additionally finding no reason to alter or amend its previous Judgment [Doc. No. 15]. Further, to the extent Badger requested a "speedy trial," the Court stated it would deny Badger's request, as this is a civil case and not a criminal case [*Id*.].

On September 27, 2021, the Court of Appeal for the Fifth Circuit dismissed Badger's appeal for want of prosecution [Doc. No. 18].

On March 10, 2022, Badger filed a Motion to Reopen Case [Doc. No. 21]. In that Motion, Badger requested that the case be reopened so the Court could reconsider his prior arguments. He offered no new arguments and did not address the deficiencies the Court had previously spelled out. To the extent Badger sought reconsideration, the Fifth Circuit explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and internal quotation marks omitted). Although Badger disagreed with the Court's determination, the Court found no reason to reopen the case or to alter or amend its prior Judgments. That Motion was denied by a Memorandum Order [Doc. No. 22] on March 22, 2022.

In the instant Motion, Badger filed a *pro se* Notice of Removal, which is actually a Motion to Remand. This case is over. It was previously dismissed, the Fifth Circuit has dismissed his appeal, and this Court denied reopening the case. There is nothing to remand, and even if there were, Badger has not stated proper grounds to remand. Accordingly,

**IT IS ORDERED** that Badger's *pro se* Notice of Removal [Doc. No. 23] (Motion to Remand) is **DENIED**.

MONROE, LOUISIANA, this 24th day of March 2022.

                                               **TERRY A. DOUGHTY**
                                               **U.S. DISTRICT JUDGE**